**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM HOWARD,
<u>Plaintiff-Appellant,</u>

v.

JIM GILMORE, Governor, State of

Virginia; J. KIRK SHOWALTER,
Registrar, City of Richmond,
Virginia,
<u>Defendants-Appellees.</u>

No. 99-2285

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-99-329-R)

Submitted: January 25, 2000

Decided: February 23, 2000

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Howard, Appellant Pro Se. James Walter Hopper, Alice Ann
Berkebile, OFFICE OF THE ATTORNEY GENERAL OF VIR-
GINIA, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Howard appeals the district court's order summarily dismissing his complaint for failure to state a claim upon which relief can be granted. We review de novo summary dismissals under Fed. R. Civ. P. 12(b)(6). See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Finding no error, we affirm.

Howard complains that under Virginia law, his disenfranchisement as a convicted felon violates the First, Fourteenth, Fifteenth, Nineteenth and Twenty-fourth amendments to the United States Constitution, as well as the Civil Rights Act of 1964, 42 U.S.C. § 2000 (1994), and the Voting Rights Act of 1965, 42 U.S.C. §§ 1971, 1973 (1994).

Howard first complains that cancellation of his voting privileges violates the First Amendment. The First Amendment creates no private right of action for seeking reinstatement of previously canceled voting rights. Therefore, the district court correctly dismissed Howard's claim to the extent it was founded upon the First Amendment.

As for Howard's claims under the Fourteenth and Fifteenth Amendments, in order to state a claim, Howard must establish that the Commonwealth's decision to disenfranchise felons was motivated by race. See Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979); Washington v. Davis, 426 U.S. 229, 238-41 (1976). The Commonwealth's decision to disenfranchise felons pre-dates the adoption of both constitutional amendments as well as the extension of the franchise to African-Americans. See Va. Const. art. 3, § 14 (1830). Moreover, the Fourteenth Amendment itself permits the denial of the franchise upon criminal conviction. See U.S. Const. amend. XIV, cl. 2. Howard has therefore failed to state a claim under either amendment. See Richardson v. Ramirez, 418 U.S. 24, 54 (1974); Perry v. Beamer, 933 F. Supp. 556, 558 (E.D. Va. 1996), aff'd, 99 F.3d 1130 (4th Cir. 1996).

2

To the extent that Howard relies upon the Voting Rights Act of 1965 (VRA), 42 U.S.C. §§ 1971, 1973 (1994), he fails to state a claim upon which relief can be granted. Under the VRA, a plaintiff must establish that the Commonwealth's act either was intended to, or had the effect of, abridging or denying the right to vote based upon race. See Thornburg v. Gingles, 478 U.S. 30, 35 (1986). As noted above, Virginia's exclusion of felons from the franchise pre-dates the enfranchisement of African-Americans. See Va. Const. art. 3, § 14 (1830). Moreover, Howard has failed to plead any nexus between the disenfranchisement of felons and race. He has therefore failed to state a claim under the VRA. See Wesley v. Collins, 605 F. Supp. 882, aff'd, 791 F.2d 1255 (6th Cir. 1996).

To the extent that Howard relies upon the Nineteenth Amendment, he fails to state a claim upon which relief can be granted. The Nineteenth Amendment prohibits denying the franchise based upon the basis of sex. See Williams v. Rhodes, 393 U.S. 23, 29 (1968). Howard makes no attempt to frame his claim in terms of discrimination based upon sex. The Nineteenth Amendment is therefore inapplicable and the district court correctly dismissed the complaint to the extent it relies upon the Nineteenth Amendment.

Howard also claims that Virginia's practice of requiring him to pay a $10 fee to the Circuit Court of Richmond in order to begin the process of having his civil rights fully restored (and hence his right to vote), is an unconstitutional poll tax in violation of the Twenty-fourth Amendment. To be sure, the Twenty-fourth Amendment prohibits conditioning the right to vote upon payment of a fee. See Harper v. Virginia Bd. of Elections, 383 U.S. 663, 668-69 (1966). In Howard's case, however, it is not his right to vote upon which payment of a fee is being conditioned; rather, it is the restoration of his civil rights upon which the payment of a fee is being conditioned. Consequently, Howard states no claim under the Twenty-fourth Amendment.

As to appellant's final contention, that Virginia is estopped from preventing him from voting because he has previously voted, the district court properly dismissed his complaint. Howard has produced no factual basis nor legal authority upon which an estoppel theory could be sustained. The district court did not therefore err in dismissing the complaint as to this contention.

We affirm the district court's order dismissing this action with prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4